# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EVANGELINA GUTIERREZ, | No. CV 10-05399-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred in

|   |   |
|---|---|
| 1 | failing to apply Grid Rule 202.09; and |
| 2 | 2. Whether the ALJ provided specific and legitimate reasons to |
| 3 | reject the reaching limitations assessed by the treating |
| 4 | physicians. |
| 5 | (JS at 4; 11.) |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ DID NOT ERR IN FAILING TO APPLY THE GRID RULES**

Following a hearing before the ALJ, held on October 26, 2009, at which Plaintiff was represented by an attorney and assisted by an interpreter, and a vocational expert ("VE") testified (AR 21-42), an unfavorable decision was issued. (AR 11-20.) As pertinent to the first issue, the ALJ found that Plaintiff could perform her past relevant work ("PRW") as a housekeeper, thus completing the analytical framework at Step Four of the sequential evaluation process. (20 C.F.R. §404.1520(a).) Plaintiff asserts, however, that the ALJ should have applied the so-called "Grid Rules" found at 20 C.F.R., Part 404, subpart P, appendix 2, and in particular, Grid Rule 202.09, which would result in a finding of "disabled."

**A. Applicable Law.**

Once Plaintiff has established that she is unable to return to her PRW (or that she has no PRW), the burden shifts to the

Commissioner to establish the existence of other jobs which exist in significant numbers which Plaintiff can perform considering her age, education, residual functional capacity, and vocational profile. The Commissioner can meet this burden either by utilizing the Medical Vocational guidelines ("Grids") in Appendix 2, Subpart P, 20 C.F.R. Part 404 or by calling upon the services of a vocational expert. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999).

**B.  Analysis**.

Plaintiff does not contest the Commissioner's legal contention that the Grid Rules are inapplicable if a finding of non-disability is made at Step Four. Instead, and primarily in her Reply, Plaintiff would appear to argue that the job of "housekeeper" was not part of Plaintiff's PRW, because she performed it only part of the year 1999. (JS at 10.) This argument is not developed anywhere in the brief, however, and thus it is relevant to clarify the definition of PRW, in order to determine whether, indeed, Plaintiff's PRW included work as a housekeeper.

20 C.F.R. §§404.1520(e), (f) identifies the expression "past relevant work" as an operative concept at the fourth step of the sequential evaluation process. The definition of PRW is set forth in §404.1560(b)(1), as, "... work that you have done within the past 15 years, ..." Further assistance is provided in Social Security Rulings ("SSR") 82-61 and 82-62. While Social Security Rulings do not carry the force and effect of law, they are relevant to construe the Social Security Administration's interpretation of its own regulations and the statutes which it is empowered to administer. Under SSR 82-61, three possible alternative tests are set forth for determining whether

3

or not a claimant retains the capacity to perform his or her PRW. The first is described as,

> "Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., 'delivery job,' 'packaging job,' etc."

A second alternative definition is,

> "Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it."

Finally, a third alternative is described as,

> "Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."

In the Ninth Circuit, PRW is defined as not just encompassing a claimant's former job, but her former type of work. See Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986).

Additional assistance is provided by reference to SSR 82-62, which provides in pertinent part that,

> "The term 'work experience' means skills and abilities acquired through work previously performed by the individual which indicates the type of work the individual may be expected to perform. Work for which the individual has demonstrated a capability is the best indicator of the kind of work that the individual can be expected to do."

Based on this legal framework, the Court has no basis to conclude

4

that Plaintiff's PRW does not include work as a housekeeper. Looked at from that viewpoint, the issue of whether or not Plaintiff is literate in English does not impact the analysis, because Plaintiff actually performed this work.

Even if the Grid Rules were applicable, however, they would not preclude Plaintiff from doing this PRW. As noted in 20 C.F.R. Part 404, subpart B, in section 2202.00(g),

> "While illiteracy or the inability to communicate in English may significantly limit the individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled level, literacy or ability to communicate in English has the least significance."

Based on the foregoing, the Court finds no error in the ALJ's failure to rely upon the Grid Rule, noting, however, that Plaintiff's ability to do this PRW may be impacted on remand when the ALJ will reevaluate the exertional limitations assessed by Plaintiff's treating doctors. (See, Section II, infra.)

**II**

**THE ALJ FAILED TO PROVIDE SPECIFIC AND LEGITIMATE REASONS TO REJECT REACHING LIMITATIONS ASSESSED BY HER TREATING PHYSICIANS**

In Plaintiff's second issue, she contends the ALJ failed to articulate specific and legitimate reasons to reject reaching limitations assessed by her treating and non-treating physicians.

The RFC as assessed by the ALJ allows Plaintiff to perform the

full range of light work as defined in 20 C.F.R. §404.1567(b). (AR 14.) In the decision, the ALJ reviews the opinions of various physicians, including Dr. Sobol, who is correctly identified as Plaintiff's treating physician, although the decision attributes to him an assessment that Plaintiff is precluded from use of her right arm at shoulder level or above in repetitive pushing and pulling activities, when this in fact was assessed by Dr. Nagelberg, also a treating physician. (AR 348.) While the ALJ considered that opinion and gave it "great weight as it is generally consistent with the entire record as a whole," the reaching limitations are not specifically discussed (other than acknowledging them), and certainly are not rejected. As Plaintiff correctly points out, if such exertional limitations were accepted, they should have been included in the hypothetical questions posed to the VE, but they were not. While the Commissioner attempts to rescue the deficiencies in the opinion by asserting that "the ALJ reasonably synthesized the medical evidence and opinions, and they supported his RFC finding" (JS at 13), in fact this is not the case. The Commissioner tacitly admits as much by indicating that the ALJ did not specifically reject any of this evidence. (Id.) If that is the case, then the evidence was not properly synthesized, but simply left unaddressed in the RFC evaluation. This error is significant and merits remand so that a new hearing may be held, and the opinions of the physicians who examined Plaintiff, and the various restrictions they assessed, can be evaluated and then accepted or rejected based on articulated reasons.
//
//
//

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: June 7, 2011                    /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE